1 | Alan D. Smith, Bar No. 89112
ASmith@perkinscoie.com
2 | Amir Gamliel, Bar No. 268121
AGamliel@perkinscoie.com
3 | Bradley A. Cosman, Arizona Bar No. 026223
(*pro hac vice application pending*)
4 | BCosman@perkinscoie.com
PERKINS COIE LLP
5 | 1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
6 | Telephone:  310.788.9900
Facsimile:  310.788.3399

Proposed Counsel to Debtors-In-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>STATE FISH CO., INC.; and<br>CALPACK FOODS, LLC,<br><br>          Debtors. | Case Nos.  2:15-bk-11084 SK<br>                  2:15-bk-11085 NB<br><br>(Joint Administration Pending)<br><br>Chapter 11<br><br>**EMERGENCY NOTICE OF MOTION AND MOTION FOR INTERIM AND FINAL ORDERS APPROVING STIPULATION FOR THE USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**DECLARATION OF VANESSA DELUCA FILED SEPARATELY**<br><br>**Hearing to be set by the Court** |
| THIS FILING APPLIES TO:<br><br>    ☐ ALL DEBTORS<br><br>    ☒ SPECIFIED DEBTOR<br><br>        ☒ STATE FISH CO., INC.<br>        ☐ CALPACK FOODS, LLC | |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR'S LENDER, THE CREDITORS APPEARING ON THE LIST FILED IN ACCORDANCE WITH RULE 1007(D) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE THAT** State Fish Co., Inc., debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully submits this emergency Motion for approval of the *Stipulation for Order: (A) Authorizing Use of Cash Collateral; (B) Granting Adequate Protection and Related Relief; and (C) Setting Final Hearing* (attached to this Motion as **Exhibit A**, the "**Stipulation**"). Under the Stipulation, the Debtor, on one hand, and Pan Pac LLC and Roseann DeLuca Revocable Trust dated 10/6/2011 (jointly and severally, the "**Lenders**"), on the other hand, stipulate to the Debtor's use of cash collateral subject to the terms and conditions of the Stipulation. This Motion is supported by this Notice of Motion, the Notice of Emergency Motions that will be filed and served as soon as the Debtors obtain a hearing date for their First Day Motions, the attached Memorandum of Points and Authorities, the Declaration of Vanessa DeLuca filed in support of Debtors' First Day Pleadings ("**DeLuca Declaration**"), the arguments of counsel and all other evidence properly before the Court at or before the hearing on this Motion.  The Debtors further request that the Court take judicial notice of all documents filed with the Court in this case.

## EMERGENCY RELIEF IS REQUIRED

1.      Under Local Bankruptcy Rules 2081-1(a)(9), 4001-2, and 9075-1, the Debtor requests that the Court consider this Motion on an emergency interim basis so that any relief granted may take effect as soon as possible, thereby authorizing the Debtor to use cash collateral which is necessary to continue the Debtor's business operations in the ordinary course. If the Debtor is not authorized to cash collateral on an interim basis, the Debtor's operations may be interrupted, resulting in irreparable harm to the Debtor's business and the estate.

## SUMMARY OF ESSENTIAL TERMS

2.    The salient terms of the Stipulation are as follows:[1]

a.    The Debtor is authorized to use cash collateral of the Lenders for the period of the Petition Date through March 1, 2015, in accordance with the Budget (defined below and attached to the Stipulation).

b.    As adequate protection for the use of the Lenders' cash collateral, the Debtor will grant to the Lenders a continuing security interest in and lien (defined in the Stipulation as the "**Adequate Protection Liens**") upon all of the Debtor's prepetition and postpetition personal property (excluding all causes of action under Chapter 5 of the Bankruptcy Code).

c.    The Adequate Protection Liens will secure all of the Lender's claims in an amount equal to the aggregate diminution in value of the Lenders' prepetition collateral resulting from the postpetition sale, lease, or use by the Debtor and imposition of the automatic stay under § 362.

## REQUISITE DISCLOSURES IN ACCORDANCE WITH LBR 4001-2

3.    Under LBR 4001-2, the Debtor makes the following disclosures regarding the Stipulation.

a.    The Stipulation does not grant cross-collateralization protection to the Lenders.

b.    The Stipulation is binding upon all other parties-in-interest, including, without limitation, any Official Committee of Unsecured Creditors (the "**Committee**"), unless the Committee brings an adversary proceeding or contested matter (subject to the limitations contained herein) no later than 60 days after the appointment of the Committee, or such later date as has been agreed to, in writing, by the Lenders, or as ordered by the Court. Stipulation ¶ 14.

---

[1]    The following summary is intended as a general overview of the material terms of the Stipulation. In the event of any inconsistency between the terms of this summary and the Stipulation, the terms of the Stipulation govern.

MOTION FOR INTERIM AND FINAL
ORDERS APPROVING STIPULATION FOR
THE USE OF CASH COLLATERAL

c.    The Stipulation does not waive or limit the estate's rights under 11 U.S.C. § 506(c).

d.    The Stipulation does not grant the Lenders liens on the Debtor's claims and causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548, or 549.

e.    The Stipulation does not deem prepetition secured debt to be postpetition debt or use postpetition loans from a prepetition secured creditor to pay prepetition debt of the secured creditor.

f.    The Stipulation does not provide disparate treatment for the professionals retained by a Committee.

g.    The Stipulation does not prime any secured lien.

## JURISDICTION AND VENUE

4.    On January 26, 2015 (the "**Petition Date**"), the Debtor filed in this Court a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

5.    The Debtor continues to operate its business and manage its assets as a debtor-in-possession under Bankruptcy Code §§ 1107 and 1108.

6.    This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

7.    The Debtor is a California corporation whose principal places of business is in Los Angeles County, California. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

8.    No trustee or examiner has been appointed in this case, nor has an official committee of unsecured creditors been appointed.

## RELIEF REQUESTED

9.    The Debtor respectfully requests that the Court enter an emergency interim order, substantially in the form attached as **Exhibit B**, approving the Stipulation on an interim basis pending a final hearing, authorizing the Debtor to use the Lenders' cash collateral in accordance the Stipulation, and a final hearing on this Motion under Bankruptcy Rule 4001(b)(2).

MOTION FOR INTERIM AND FINAL
ORDERS APPROVING STIPULATION FOR
THE USE OF CASH COLLATERAL

1    10.   Notice is herein provided that any opposition or response to the Motion may be

2    filed with the Court and served on proposed counsel for the Debtors at any time before the

3    hearing, or may be presented at the hearing on the Motion.  Separate notice of the date and time

4    of the hearing on this Motion will be provided as soon as it is available.  Please note, failure to

5    timely object may be deemed by the Court to constitute consent to the relief requested herein.

6    The Debtors will serve this Notice of Motion and Motion, and all other pleadings in support

7    thereof, on:   (i) the Office of the United States Trustee, (ii) the list of Debtors' 20 largest

8    unsecured creditors, (iii) counsel to Debtors' prepetition lender, and (iv) all parties that file with

9    the Court requests for notice of all matters pursuant to Bankruptcy Rule 2002.  To the extent

10   required, the Debtors respectfully request that the Court waive compliance with Local Bankruptcy

11   Rule 9075-1 and approve service, in addition to the means of service set forth in such Local

12   Bankruptcy Rule, by overnight or electronic delivery.  To the extent the Court grants the relief

13   requested herein, the Debtors shall provide notice of the entry of an Order granting such relief

14   upon each of the foregoing parties.

15   DATED:  January 26, 2015                    **PERKINS COIE LLP**

16

17                                      By: */s/ Alan D. Smith*
                                           Alan D. Smith, Bar No. 89112
18                                         ASmith@perkinscoie.comAmir Gamliel,
                                           Bar No. 268121
19                                         AGamliel@perkinscoie.com
                                           Bradley A. Cosman, Bar No. 026223
20                                         BCosman@perkinscoie.com

21                                      Proposed Counsel to Debtors-In-Possession

22

23

24

25

26

27

28

MOTION FOR INTERIM AND FINAL
ORDERS APPROVING STIPULATION FOR
THE USE OF CASH COLLATERAL

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND FACTS CONCERNING THE DEBTOR

11.    The Debtor hereby incorporates the factual statements contained in the DeLuca Declaration.

**The Debtor's Prepetition Secured Indebtedness**

12.    In April 2014, State Fish's line of credit from Well Fargo expired, and was not renewed by Wells Fargo. In order to finance certain equipment acquisition costs, State Fish, as borrower, entered into a *Credit Agreement* (the "**Credit Agreement**") with Pan Pac LLC and Roseann DeLuca Revocable Trust dated 10/6/2011 (jointly and severally, the "**Lender**") on May 15, 2014.[2]

13.    As of the Petition Date, there was approximately $5.7 million of indebtedness outstanding under the Credit Agreement. The Lenders assert that the Debtor is in default under terms of the Credit Agreement. DeLuca Declaration.

14.    Outstanding indebtedness under the Credit Agreement bears interest at the rate of 4% per annum. DeLuca Declaration.

15.    The Credit Agreement purports to grant the Lenders a blanket security interest in substantially all of State Fish's personal property. The Lenders filed a corresponding UCC Financing Statement with the California Secretary of State in order to perfect its security interest on May 21, 2014 at Filing Number 14-7412846996. DeLuca Declaration.

## THE DEBTOR'S NEED AND PROPOSED USE OF CASH COLLATERAL

16.    The Debtor urgently and immediately needs to use the cash it generates from the postpetition operation of its business to continue operating as a going concern. Cash is needed to, among other things, pay postpetition operating expenses including payroll. DeLuca Declaration.

17.    The Debtor will only use cash collateral in accordance with the collateral budget attached as Exhibit A to the Stipulation (as included in Exhibit A to this Motion, the "**Budget**"),

---

[2]    Pan Pac LLC and Roseann DeLuca Revocable Trust dated 10/6/2011 are affiliates of Vanessa Deluca and Roseann Deluca, respectively. As detailed below, Vanessa DeLuca and Roseann Deluca respectively own approximately 23.03% and 23.26% of the equity interests in State Fish Co.

1   the Stipulation, and any orders from this Court. The Debtor developed the Budget reflecting a

2   cash flow forecast taking into account anticipated cash receipts and disbursements. The Budget

3   includes the cost of labor, payroll taxes, insurance, utilities, and ordinary course expenses

4   projected for the postpetition period. These expenditures are essential to current operation of the

5   Debtor's business. They are also ordinary, customary, and consistent with the Debtor's

6   prepetition operations in all material respects. DeLuca Declaration.

7          18.    Allowing use of cash collateral under terms of the Stipulation will not only protect

8   and preserve the Debtor's assets by maintaining the business as a going concern, but will also

9   enhance the value of the business by generating additional revenue. Conversely, any interruption

10   in operations of the Debtor will impede its ability to collect and expend cash generated from the

11   operation of the business and will jeopardize the going concern value of the business and, thus,

12   the value of the estate. DeLuca Declaration.

13                              **BASIS FOR RELIEF**

14          19.    Bankruptcy Code § 363(c)(1) authorizes a debtor-in-possession to use property of

15   the estate in the ordinary course of business. To use cash collateral, however, one of two

16   conditions must be satisfied: (1) each entity with an interest in the cash collateral must consent to

17   its use or (2) the court, after notice and a hearing, authorizes its use. Bankruptcy Code § 363(e)

18   requires the court to prohibit or condition the use of cash collateral as is necessary to provide

19   adequate protection for the interests of the secured party who demands adequate protection for the

20   use of cash collateral. 11 U.S.C. § 363(e).[3]

21          20.    Subject to the protections afforded to the Lenders under the Stipulation, the

22   Lenders have agreed to consent to the use of cash collateral in accordance with the Budget.

23

24

25   [3] *See In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re Scottsdale Med. Pavilion*,

26   159 B.R. 295, 302 (B.A.P. 9th Cir. 1993) (stating § 363(c)(2) "requires either consent by the
creditor to the use of its cash collateral, or a court order authorizing its use … [, but] in all cases

27   the debtor must provide adequate protection of the creditor's interest as a condition of using cash
collateral").

28

      MOTION FOR INTERIM AND FINAL
ORDERS APPROVING STIPULATION FOR
THE USE OF CASH COLLATERAL

21.    The principal terms of the Stipulation are summarized below. To the extent the summary language below is ambiguous or contradicts the Stipulation, the language in the Stipulation controls.

a.    The Debtor is authorized to use cash collateral of the Lenders for the period of the Petition Date through March 1, 2015, in accordance with the Budget (defined below and attached to the Stipulation).

b.    As adequate protection for the use of the Lenders' cash collateral, the Debtor will grant to the Lenders a continuing security interest in and lien (defined in the Stipulation as the "**Adequate Protection Liens**") upon all of the Debtor's prepetition and postpetition personal property (excluding all causes of action under Chapter 5 of the Bankruptcy Code).

22.    The Adequate Protection Liens will secure all of the Lender's claims in an amount equal to the aggregate diminution in value of the Lenders' prepetition collateral resulting from the postpetition sale, lease, or use by the Debtor and imposition of the automatic stay under § 362.

23.    The Debtor submits that these proposed adequate protection terms are fair and reasonable to all parties-in-interest, will ensure the Debtor's uninterrupted use of its cash in accordance with the Budget, and sufficient to satisfy the requirements of § 363(c)(2) and (e).

### NOTICE AND REQUEST FOR FINAL HEARING

24.    Under Bankruptcy Rule 4001(b)(2), the Debtors request that the Court set a date for the Final Hearing. Notice of this Motion has been given by e-mail, fax, or overnight delivery to the following parties: (a) the Lenders; (b) the U.S. Trustee; and (c) the Debtors' unsecured creditors. The Debtors submit that, in light of the nature of the relief requested and Bankruptcy Rule 4001(b)(3), no further notice need be given.

### CONCLUSION

25.    For the foregoing reasons, the Court should enter an interim order substantially in the form attached to this Motion as **Exhibit B** approving the Stipulation and authorizing the Debtors to use cash collateral in accordance with the Budget and granting adequate protection to

1   the Lenders pending the Final Hearing, setting a final hearing on the Motion, and granting any

2   additional appropriate relief.

3   DATED:  January 26, 2015                    **PERKINS COIE LLP**

4

5                                              By: */s/ Alan D. Smith*
                                                   Alan D. Smith, Bar No. 89112
6                                                  ASmith@perkinscoie.com
                                                   Amir Gamliel, Bar No. 268121
7                                                  AGamliel@perkinscoie.com
                                                   Bradley A. Cosman, Bar No. 026223
8                                                  BCosman@perkinscoie.com

9                                              Proposed Counsel to Debtors-In-Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL124138829.1                    -4-        MOTION FOR INTERIM AND FINAL
                                               ORDERS APPROVING STIPULATION FOR
                                               THE USE OF CASH COLLATERAL

1

**EXHIBIT A**

2

**STIPULATION**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Alan D. Smith, Bar No. 89112
     ASmith@perkinscoie.com
2    Amir Gamliel, Bar No. 268121
     AGamliel@perkinscoie.com
3    Bradley A. Cosman, Arizona Bar No. 026223
     (*pro hac vice* application pending)
4    BCosman@perkinscoie.com
     PERKINS COIE LLP
5    1888 Century Park East, Suite 1700
     Los Angeles, CA  90067-1721
6    Telephone:  310.788.9900
     Facsimile:  310.788.3399

7

8    Proposed Counsel to Debtors-In-Possession

9            UNITED STATES BANKRUPTCY COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11              LOS ANGELES DIVISION

12

| 13 | In re | Case Nos. _____ |
| 14 | STATE FISH CO., INC.; and | Jointly Administered |
| 15 | CALPACK FOODS, LLC, | |
| 16 |           Debtors. | Chapter 11 |

STIPULATION FOR ORDER: (A)
AUTHORIZING USE OF CASH
COLLATERAL; (B) GRANTING
ADEQUATE PROTECTION AND
RELATED RELIEF; AND
(C) SETTING FINAL HEARING

THIS FILING APPLIES TO:

☐ ALL DEBTORS

☐ SPECIFIED DEBTOR
     ☒ STATE FISH CO., INC.
     ☐ CALPACK FOODS, LLC

26        State Fish Co., Inc. ("**State Fish**" or "**Debtor**"), the debtor-in-possession in the

27 above-captioned case, and Pan Pac LLC and Roseann DeLuca Revocable Trust dated

28 10/6/2011 (jointly and severally, the "**Lenders**"), hereby stipulate to the Debtor's use of

cash collateral in connection with the Debtor's *Emergency Motion for Interim and Final Orders Authorizing the Use of Cash Collateral,* dated January 26, 2015 (the "**Motion**"),[1] on the terms and conditions set forth below and subject to entry of an order granting this Stipulation.

1.    *Motion Granted.*    The Motion is granted on an interim basis under Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure.

2.    *Authorization to Use Cash Collateral.* The Debtor is authorized to use Cash Collateral (as defined below) subject to the terms and conditions of this Stipulation.

3.    *Debtor's Stipulations.*    Without prejudice to the rights of any other party (but subject to the limitations contained in paragraphs 11 and 12 below), the Debtor admits, stipulates and agrees that:

a.    as of the Petition Date, (i) State Fish is indebted to Lenders in the outstanding aggregate principal amount of approximately $5.7 million in respect of loans made by the Lenders under terms of the *Credit Agreement* dated May 15, 2014 (the "**Credit Agreement**"), plus, accrued and unpaid interest thereon and fees, expenses and other obligations incurred in connection therewith as provided in the Credit Agreement (collectively, the "**Prepetition Secured Obligations**");

b.    The Prepetition Secured Obligations are secured by substantially all of the Debtor's personal property (collectively the "**Prepetition Collateral**"), but not by the Debtor's real property.    The parties believe the Prepetition Collateral is worth significantly more than the amount of the Prepetition Secured Obligations.

---

[1]    Capitalized terms not otherwise defined in this Stipulated Order retain the definitions ascribed to them in the Motion.

c.    Based on a properly filed UCC-1 financing statement, Lenders have a first priority lien on the Prepetition Collateral, and the Debtor acknowledges and represents that there are no other known liens on the Prepetition Collateral;

4.    *Findings Regarding the Continued Use of Cash Collateral.*

a.    Good cause has been shown for the entry of this Order.

b.    The Debtor has an immediate need to use the Prepetition Collateral, including the Cash Collateral, in order to permit, among other things, the orderly continuation of the operation of its business, maintain business relationships with vendors, suppliers and customers, make payroll, make capital expenditures, and satisfy other working capital and operational needs.  The access of the Debtor to sufficient working capital and liquidity through the use of Cash Collateral is vital to the preservation and maintenance of the going concern value of the Debtor and to a successful reorganization of the Debtor.

c.    The terms of the use of Cash Collateral are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties and constitute reasonably equivalent value and fair consideration.

d.    Although the principals of the Lenders are shareholders of the Debtor, and until recently were officers and directors of the Debtor, the use of Cash Collateral has been negotiated in good faith between the Debtor, through its chief restructuring officer, and the Lenders.

e.    Absent granting the relief granted through this Order, the Debtor's estate will be immediately and irreparably harmed. Use of Cash Collateral in accordance with the Stipulation and this Order is therefore in the best interest of the Debtor's estate.

LEGAL124139951.3

-3-

1247922.2 26334

5.     *Budget*.  The Debtor may use Cash Collateral only as provided in the budget attached as Exhibit A to this Stipulated Order (the "**Budget**"). The Debtor's use of Cash Collateral is limited to payment of the ordinary and necessary postpetition expenses, that are actually incurred, that are billed to the Debtors, and which are contained in the Budget and are included within the variance contemplated by the Budget, or are otherwise approved, in writing, by Lenders (the "**Approved Expenses**").

6.     *Liens Senior to Certain Other Liens*.   The Adequate Protection Liens (defined below) shall not be (i) subject or subordinate to (A) any lien or security interest that is avoided and preserved for the benefit of the Debtor and its estates under § 551 of the Bankruptcy Code or (B) any liens arising after the Petition Date including, without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtor, or (ii) subordinated to or made *pari passu* with any other lien or security interest under §§ 363 or 364 or otherwise.

7.     *Use of Cash Collateral*.  The Debtor's cash, including without limitation, all cash and other amounts on deposit or maintained in any account or accounts by the Debtor, and any amounts generated by the collection of accounts receivable, sale of inventory or other disposition of the Prepetition Collateral, constitute proceeds of the Prepetition Collateral and, therefore, are cash collateral of the Lenders (the "**Cash Collateral**") within the meaning of § 363(a). The Debtor is hereby authorized to use the Cash Collateral of the Lenders (if any) pursuant to and limited by the provisions of the Budget and this Order, provided that the Lenders are granted adequate protection as hereinafter set forth. The Debtor's right to use Cash Collateral under this Stipulated Order shall automatically terminate on March 1, 2015, unless extended by further order of the Court.

8.     *Adequate Protection*.   The Lenders are entitled, pursuant to §§ 361, 363(c)(2), 363(e) and 364(d)(1), to adequate protection of their interest in the Prepetition

Collateral, in an amount equal to the aggregate diminution in value of the Lenders' Prepetition Collateral, including, without limitation, any such diminution resulting from the sale, lease or use by the Debtor (or other decline in value) of the Prepetition Collateral (including Cash Collateral), and the imposition of the automatic stay under § 362. As adequate protection, the Lenders are hereby granted the following (collectively, the "**Adequate Protection Obligations**"):

> a.   *Adequate Protection Liens.*  To secure the Adequate Protection Obligations, the Lenders are hereby granted (effective and perfected upon the Petition Date, as applicable, and without the necessity of the execution by the Debtor of security agreements, pledge agreements, financing statements or other agreements) a valid, perfected replacement security interest in and lien in first priority (the "**Adequate Protection Liens**") upon all of the Debtor's prepetition and postpetition personal property (**excluding all causes of action under Chapter 5 of the Bankruptcy Code**) including, but not limited to, Cash Collateral (as defined below), accounts receivable, other rights to payment whether arising before or after the Petition Date, equipment, general intangibles, instruments, interests in leaseholds, real properties, patents, copyrights, trademarks, trade names, other intellectual property and the proceeds of all the foregoing, to the same extent, priority, validity, magnitude and enforceability that the Lenders have immediately prior to the Petition Date.

> b.   *Reporting and Right to Access.*  The Debtor shall provide the Lenders with copies of all operating reports as required by the Office of the United States Trustee as and when filed, and copies of all other written reports, information and materials as reasonably requested by the Lenders. In addition, the Debtor shall cooperate with and permit representatives of the Lenders to have reasonable access to their premises and non-privileged records during normal business hours (without unreasonable interference with the proper operation of the Debtor's businesses).

c.      Monthly *Interest Payments*.  The Debtor shall make postpetition payments to the Lenders of interest only at the nondefault rate provided in the Credit Agreement (4% per annum) no later than the tenth calendar date of each month from and after the date of this Stipulation.

d.      *Reservation of Rights of Lenders*.  Under the circumstances and given that the above described adequate protection is consistent with the Bankruptcy Code, including § 506(b) thereof, this Court finds that the adequate protection provided herein is reasonable and sufficient to protect the interests of the Lenders. The Lenders may request, however, further or different adequate protection or may object to any request by the Debtor or any other party in interest with respect to any financing, and the Debtor or any other party may contest any such request or objection. The Debtor may object to any additional request for adequate protection.

9.      *Perfection of Adequate Protection Liens*.

a.      The Lenders are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction or take any other action in order to validate and perfect the liens and security interests granted to them hereunder.  A certified copy of this Order may, in the discretion of the Lenders, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Order for filing and recording without the imposition of any stamp, intangibles recording or similar tax.

b.      The Debtor shall execute and deliver to the Lenders all such agreements, financing statements, instruments and other documents as the Lenders may

reasonably request to evidence, confirm, validate or perfect the liens granted under this Order.

c.      Any provision of any lease or other license, contract or other agreement that requires the consent or approval of one or more landlords or other parties, or the payment of any fees or obligations to any governmental entity, in order for the Debtor to pledge, grant, sell, assign, or otherwise transfer any such leasehold interest, or the proceeds thereof, or other postpetition collateral related thereto, is hereby deemed to be inconsistent with the applicable provisions of the Bankruptcy Code. Any such provision shall have no force and effect with respect to the transactions granting postpetition liens, in the proceeds of any assignment and/or sale of any leasehold interest by the Debtor, in favor of the Lenders in accordance with the terms of this Order.

10.     *Preservation of Rights.*

a.      Unless all Adequate Protection Obligations shall have been paid in full, it shall constitute an Event of Default and a termination of the right to use Cash Collateral if the Debtor seeks, or if there is entered, (i) any modifications or extensions of this Order without the prior written consent of the Lenders, and no such consent shall be implied by any other action, inaction or acquiescence by the Lenders, or (ii) an order dismissing or converting this case to one under Chapter 7 of the Bankruptcy Code, or (iii) an order directing the appointment of a Chapter 11 Trustee pursuant to §1104. If an order dismissing this bankruptcy case under § 1112 or otherwise is at any time entered, such order shall provide (in accordance with §§ 105 and 349) that (x) the Adequate Protection Liens granted to the Lenders pursuant to this Order, shall continue in full force and effect and shall maintain their priorities as provided in this Order until all Adequate Protection Obligations shall have been paid and satisfied in full (and that the Adequate

Protection Liens shall remain binding on all parties in interest) and (a) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in clause (b) of this paragraph.

b.    If any or all of the provisions of this Order are hereafter reversed, modified, vacated or stayed, such reversal, modification, vacation or stay shall not affect (i) the validity of any Adequate Protection Obligations incurred prior to the actual receipt of written notice by the Lenders, as applicable, of the effective date of such reversal, modification, vacation or stay or (ii) the validity or enforceability of any security interest, lien or priority authorized or created hereby or pursuant to this Order with respect to any Adequate Protection Obligations incurred prior to such reversal, modification, vacation or stay. Notwithstanding any such reversal, modification, vacation or stay, any use of Cash Collateral, or Adequate Protection Obligations incurred by the Debtor to the Lenders prior to the actual receipt by the Lenders of written notice of such reversal, modification, vacation or stay shall be governed in all respects by the original provisions of this Stipulated Order, as applicable, and the Lenders shall be entitled to all the rights, remedies, privileges and benefits granted in § 364(e), this Order with respect to all uses of Cash Collateral and Adequate Protection Obligations.

c.    The terms and provisions of this Order shall continue in this case or in any superseding Chapter 7 case under the Bankruptcy Code, and the Adequate Protection Obligations and all other rights and remedies of the Lenders granted by the provisions of this Order shall continue in full force and effect until the Adequate Protection Obligations are indefeasibly paid in full.

11.    *Effect of Stipulations on Committee and Other Third Parties.* The stipulations and admissions contained in this Order shall be binding upon all other parties-

1   in-interest, including, without limitation, any Official Committee of Unsecured Creditors

2   (the "**Committee**"), unless the Committee or other party in interest brings an adversary

3   proceeding or contested matter (subject to the limitations contained herein) no later than

4   60 days after the appointment of the Committee in this case (or, if no such Committee is

5   appointed within 30 days after the Petition Date, no later than 90 days after the Petition

6   Date), or such later date as has been agreed to, in writing by the Lenders, or as ordered by

7   the Court in respect of challenges initiated against the Lenders within such time (A)

8   challenging the validity, enforceability, priority or extent of the Prepetition Secured

9   Obligations, or (B) otherwise asserting or prosecuting any Avoidance Actions or any other

10  claims, counterclaims, causes of action, objections, contests, or defenses (collectively, the

11  "**Claims and Defenses**") against the Lenders or their respective agents, affiliates,

12  subsidiaries, directors, officers, representatives, attorneys or advisors in connection with

13  matters related to the Credit Agreement, the Prepetition Secured Obligations, or the

14  Prepetition Collateral, and there is a final order in favor of the plaintiff sustaining any

15  such Claims and Defenses. The Lenders and Debtor agree that the Committee has

16  standing to bring such Claims and Defenses on behalf of the estate.

17        12.    *Waiver of Claims and Causes of Action Against the Lenders*.   Without

18  prejudice to the rights of any other party, including any Committee (but subject to the

19  limitations thereon in this Stipulated Order), the Debtor has waived any and all claims and

20  causes of action against the Lenders, and their respective agents, affiliates, subsidiaries,

21  directors, officers, representatives, attorneys or advisors, directly related to this Stipulated

22  Order or the negotiation of the terms of the foregoing.

23        13.    *Limitation on Use of Collateral*.   The Debtor shall use the Cash Collateral

24  solely as provided in this Order in the ordinary course of business and pursuant to orders

25  of the Bankruptcy Court. Notwithstanding anything herein or in any other order by this

26  Court to the contrary, no borrowings, Cash Collateral, Prepetition Collateral, or other

27  collateral described above may be used to (b) object, contest or raise any defense to, the

validity, perfection, priority, extent or enforceability of any amount due under this Stipulated Order, or the Credit Agreement, or the liens or claims granted under this Stipulated Order or the Credit Agreement, (c) assert any Claims and Defenses or causes of action against the Lenders, or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, (d) prevent, hinder or otherwise delay the Lenders' assertion, enforcement or realization on the Cash Collateral or the Prepetition Collateral in accordance with the Credit Agreement or this Stipulated Order, (e) seek to modify any of the rights granted to the Lenders hereunder, under the Credit Agreements, in each foregoing case without such party's prior written consent, or (f) pay any amount on account of any claims arising prior to the Petition Date unless such payments are (i) approved by an order of this Court and (ii) in accordance with the terms of the Budget. The foregoing shall not apply to any statutory Committee's ability to object to the Motion.

14.   *Insurance Policies.*  Upon entry of this Order, the Lenders shall be, and shall be deemed to be, without any further action or notice, named as an additional insured and loss payee on each insurance policy maintained by the Debtor which in any way relates to the Collateral. The Debtor is authorized and directed to take any action necessary to have the Lenders added as an additional insured and loss payee on each insurance policy.

15.   *Binding Effect; Successors and Assigns.*  Subject to Paragraphs 11 and 12 above, the provisions of this Order, including all findings herein, shall be binding upon all parties-in-interest in this case, including, without limitation, the Lenders, any Committee, all creditors and shareholders, and the Debtor and its respective successors and assigns (including any Chapter 7 or  Chapter 11 trustee hereinafter appointed or elected for the estate of the Debtor, an examiner appointed pursuant to § 1104, or any other fiduciary hereafter appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor) and shall inure to the benefit of the Lenders and the Debtor and each of their respective successors and assigns.

16.    *Limitation of Liability.*  In exercising any rights or remedies as and when permitted pursuant to this Order, the Lenders shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 *et seq.* as amended, or any similar federal or state statute).  Furthermore, nothing in this Order or related to this transaction shall in any way be construed or interpreted to impose or allow the imposition upon the Lenders any liability for any claims arising from the prepetition or postpetition activities by the Debtor and its affiliates (as defined in § 101(2)) in the operation of their businesses, or in connection with their restructuring efforts.

17.    *Right of Access and Information.*  The Debtor shall permit representatives, agents and/or employees of the Lenders to have reasonable access to its premises and its records during normal business hours (without unreasonable interference with the proper operation of the Debtor's businesses) and shall cooperate, consult with, and provide to such persons all such non-privileged information as they may reasonably request.

18.    *Effectiveness.*  This Order shall constitute findings of fact and conclusions of law and, notwithstanding the possible application of Rule 6004(h), shall take effect immediately upon execution hereof and not be stayed absent the grant of such stay under Rule 8005 after a hearing upon notice to the Debtor and the Lenders.

19.    *Final Hearing and Objection Date.* This matter is set for a final hearing at [___] p.m., Pacific Time, on [_____], in the United States Bankruptcy Court for the Central District of California, [_____]. The Debtor shall promptly mail copies of this Order to the Notice Parties. Objection to the entry of the Final Order must be in writing and must be filed with the Clerk of this Court, on or before 4:00 p.m., Pacific Time on [_____] with a copy served upon: (i) Counsel for the Debtor, Perkins Coie    LLP,    Attn:    Alan    Smith,    1201    Third    Avenue,    Suite    4900,

1   Seattle, WA   98101; (ii) the U.S. Trustee for the Central District of California; (iii)

2   counsel to Lenders' principals, Danning, Gill, Diamond & Kollitz, LLP, Attn:  Eric P.

3   Israel 1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067and (iv) counsel to

4   any Committee appointed in these cases. Any objections by creditors or any other party-

5   in-interest to the Motion or cash collateral arrangements between the Debtor and the

6   Lenders will be deemed waived unless filed and received in accordance with the

7   foregoing on or before the close of business on such date.

1    **AGREED AS TO FORM AND CONTENT:**

2    **STATE FISH CO., INC.**

3    _____
             */s/*
4    Alan D. Smith, Bar No. 89112
     ASmith@perkinscoie.com
5    Amir Gamliel, Bar No. 268121
     AGamliel@perkinscoie.com
6    Bradley A. Cosman, Bar No. 026223
     (*pro hac vice application pending*)
7    BCosman@perkinscoie.com
     PERKINS COIE LLP
8    1888 Century Park E., Suite 1700
     Los Angeles, CA  90067-1721
9    Telephone:  310.788.9900
     Facsimile:  310.788.3399
10   Proposed Counsel to Debtors-In-Possession

11

12   **PAN PAC LLC**

13
     By: _____
14       **VANESSA DeLUCA,**
         **ITS MANAGING MEMBER**
15

16   **ROSEANN DeLUCA REVOCABLE TRUST DATED 10/6/2011**

17

18   By: _____/s/_____
          ROSEANN DeLUCA, Trustee
19

20

21

22

23

24

25

26

27

28

LEGAL124139951.3                          -13-

1247922.2   26334

# **<u>EXHIBIT A</u>**

STATE FISH CO., INC
WEEKLY CASH FORECAST

Without the express written consent of the Lenders, the Debtor's use of Cash Collateral under the terms of the Stipulation and during this budget period shall at no time exceed (1) 120% of the budged amount for any line item contained in the Budget, and (2) 110% of the aggregate total disbursements in the Budget.

| | W1 | W2 | W3 | W4 | W5 | Total |
|---|---|---|---|---|---|---|
| | 02/01/15 | 02/08/15 | 02/15/15 | 02/22/15 | 03/01/15 | 03/01/15 |
| **Cash Balance, Beg** | $   250,000 | $   591,000 | $   678,000 | $   360,000 | $   537,000 | $   250,000 |
| | | | | | | |
| **Receipts:** | | | | | | |
| Major Customers | 600,000 | 400,000 | 300,000 | 300,000 | 300,000 | 1,900,000 |
| Export Customers | 200,000 | 150,000 | 150,000 | 150,000 | 150,000 | 800,000 |
| Other Customers | 350,000 | 350,000 | 350,000 | 350,000 | 350,000 | 1,750,000 |
| HPP Income | | 150,000 | | 100,000 | | 250,000 |
| **Total Receipts** | **1,150,000** | **1,050,000** | **800,000** | **900,000** | **800,000** | **4,700,000** |
| | | | | | | |
| **Disbursements:** | | | | | | |
| Import/Domestic Inventory | 325,000 | 575,000 | 575,000 | 575,000 | 575,000 | 2,625,000 |
| Wet Fish Inventory | 5,000 | 10,000 | 10,000 | 10,000 | 10,000 | 45,000 |
| Payroll & Payroll Taxes | 270,000 | | 270,000 | | 270,000 | 810,000 |
| Worker's Comp Insurance | | - | 65,000 | | | 65,000 |
| Benefits (Health & Other) | | | 60,000 | | | 60,000 |
| Rent | | 95,000 | | | | 95,000 |
| Insurance | | 45,000 | | | | 45,000 |
| Utilities | 75,000 | | | | 75,000 | 150,000 |
| Repairs & Maintenance | 11,000 | 11,000 | 11,000 | 11,000 | 11,000 | 55,000 |
| Fleet Maintenance | 5,000 | 6,000 | 6,000 | 6,000 | 6,000 | 29,000 |
| Freight In/Out | 15,750 | 33,000 | 33,000 | 33,000 | 33,000 | 147,750 |
| Legal Fees-Ordinary Course | | | | | 25,000 | 25,000 |
| Outside Cold Storage | | 25,000 | | | | 25,000 |
| Property Taxes | | | | | | - |
| Supplies | 3,250 | 8,000 | 8,000 | 8,000 | 8,000 | 35,250 |
| Professional Fees | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 25,000 |
| Broker Fees | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 17,500 |
| Inspection Fees | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 20,000 |
| Corporate & Others | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 12,500 |
| **Subtotal Operating** | **725,000** | **823,000** | **1,053,000** | **658,000** | **1,028,000** | **4,287,000** |
| | | | | | | |
| **Cash from Operations** | **425,000** | **227,000** | **(253,000)** | **242,000** | **(228,000)** | **413,000** |
| | | | | | | |
| **Debt** | | | | | | |
| Interest | 19,000 | | | | 19,000 | 38,000 |
| **Subtotal Debt** | **19,000** | **-** | **-** | **-** | **19,000** | **38,000** |
| | | | | | | |
| **Restructuring** [1] | | | | | | |
| Perkins Coie & UCC counsel | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 125,000 |
| Avant [2] | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 200,000 |
| UST Fees | | | | | | - |
| Utilities deposit | | 75,000 | | | | 75,000 |
| **Subtotal Restructuring** | **65,000** | **140,000** | **65,000** | **65,000** | **65,000** | **400,000** |
| | | | | | | |
| **Total Disbursements** | **809,000** | **963,000** | **1,118,000** | **723,000** | **1,112,000** | **4,725,000** |
| | | | | | | |
| **Net Change in Cash** | **341,000** | **87,000** | **(318,000)** | **177,000** | **(312,000)** | **(25,000)** |
| | | | | | | |
| | | | | | | |
| **Cash Balance, End** | $   591,000 | $   678,000 | $   360,000 | $   537,000 | $   225,000 | $   225,000 |

Footnotes
   1 - 20% of the amounts budgeted for Avant, along with amount set forth for Perkins Coie and UCC counsel, will be carved out and segregated pending approval of respective fee applications.  Actual legal fees may vary significantly from amounts of carve out.
   2 - The amount budgeted here reflects the total budgeted fees for Avant.  Under terms of the Avant's retention, 20% of the amounts budgeted here will be accrued pending approval of a fee application filed with the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**PROPOSED INTERIM ORDER**

1 | Alan D. Smith, Bar No. 89112
ASmith@perkinscoie.com
2 | Amir Gamliel, Bar No. 268121
AGamliel@perkinscoie.com
3 | Bradley A. Cosman, Arizona Bar No. 026223
(*pro hac vice* application pending)
4 | BCosman@perkinscoie.com
PERKINS COIE LLP
5 | 1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
6 | Telephone:  310.788.9900
Facsimile:  310.788.3399
7 |
8 | Proposed Counsel for Debtors-In-Possession

9 | UNITED STATES BANKRUPTCY COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | LOS ANGELES DIVISION

12 |

13 | In re | Case Nos. 2:15-bk-11084 SK
2:15-bk-11085 NB

14 | STATE FISH CO., INC.; and

15 | CALPACK FOODS, LLC, | (Joint Administration Pending)

16 | Debtors. | Chapter 11

17 | | **INTERIM ORDER APPROVING
STIPULATION FOR THE USE
OF CASH COLLATERAL**

18 |

19 | **THIS FILING APPLIES TO:**
☐ **ALL DEBTORS**
20 | ☒ **SPECIFIED DEBTOR**
  ☒ **STATE FISH CO., INC.**
21 | ☐ **CALPACK FOODS, LLC**

22 |

23 | Before the Court is the *Emergency Motion for Interim and Final Orders Approving*

24 | *Stipulation for the Use of Cash Collateral,* dated January 26, 2015 (the "**Motion**"),[1] filed

25 | by the above-captioned Debtor State Fish Co., Inc. In light of the contemporaneously-filed

26 | *Declaration of Vanessa DeLuca in Support of and First Day Pleadings*, and the entire

27 |

28 | _____
[1]    Capitalized terms not otherwise defined in this Order retain the definition ascribed to them in the Motion.

1  record of these proceedings, including the presentations of counsel at the hearing on the

2  Motion held on January 26, 2015,

3  **The Court finds and concludes that:**

4       a.      This Court has jurisdiction over these chapter 11 cases under

5  28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C.

6  § 157(b)(2).

7       b.      Notice of the Motion has been given by e-mail, fax, and/or overnight

8  delivery to the following parties: (a) the Lenders; (b) the US Trustee; and (c) the Debtor's

9  top twenty unsecured creditors. In light of the nature of the relief requested and

10 Bankruptcy Rule 4001(b)(3), no further notice need be given

11      c.      The Debtor has an immediate need for funds in this chapter 11 case

12 in order to pay operating expenses, continue operations, and maintain and preserve the

13 Debtor's business for the benefit of its estate and creditors. Without the Court's immediate

14 and ongoing authorization to use cash collateral, the Debtor's existing and future business

15 operations will be jeopardized, resulting in immediate and irreparable harm to the Debtor,

16 the Debtor's bankruptcy estate, and creditors.

17      d.      The Debtor shall use its cash collateral only in accordance with the

18 Budget attached to the Stipulation, which reflects expenses that are ordinary, customary,

19 and consistent with the Debtor's prepetition operations in all material respects.

20 Nonetheless, the Debtor's use of some or all of its cash collateral may result in the

21 diminution in value of the Lenders' interests in the cash collateral, entitling the Lenders to

22 adequate protection under Bankruptcy Code §363(e).

23      e.      Notice of the Application was adequate under the circumstances.

24 **In light of the foregoing, IT IS ORDERED that:**

25      1.      The Motion is granted on an interim basis.

26      2.      The Debtor is authorized to use cash collateral on an interim basis, pending

27 a final hearing on the Motion. All expenditures of cash collateral in any amount during the

28

1  chapter 11 case must conform in every respect to the Stipulation attached to this Interim

2  Order as **Exhibit A**.

3         3.       As adequate protection, the Lenders are granted (effective and perfected

4  upon the Petition Date, as applicable, and without the necessity of the execution by the

5  Debtor of security agreements, pledge agreements, financing statements or other

6  agreements) a valid, perfected replacement security interest in and lien (the "**Adequate**

7  **Protection Liens**") upon all of the Debtor's prepetition and postpetition personal property

8  (**excluding all causes of action under Chapter 5 of the Bankruptcy Code**) including,

9  but not limited to, Cash Collateral (as defined below), accounts receivable, other rights to

10 payment whether arising before or after the Petition Date, equipment, general intangibles,

11 instruments, interests in leaseholds, real properties, patents, copyrights, trademarks, trade

12 names, other intellectual property and the proceeds of all the foregoing, to the same

13 extent, priority, validity, magnitude and enforceability that the Lenders have immediately

14 prior to the Petition Date

15        4.       A final hearing on the Motion will be held before this Court on

16 _____, 2014 at ___:___ a.m./p.m. The Debtor must give notice of the final

17 hearing no later than ___, 2014 to the Debtor's unsecured creditors, the Lenders, the US

18 Trustee, and counsel for any official committee of unsecured creditors appointed in this

19 case. Such notice constitutes adequate notice of the final hearing.

20                               **### End of Order###**

21

22

23

24

25

26

27

28