JEFFREY LEE COSTELL (STATE BAR #93688)
ALEXANDRE IAN CORNELIUS (STATE BAR #180652)
LEWIS B. ADELSON (STATE BAR #185075)
CHRIS S. EVANS (STATE BAR # 293785)
**COSTELL & CORNELIUS Law Corporation**
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959
Email: acornelius@costell-law.com

Attorneys for Creditor and Equity Interest Holder John DeLuca

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

In re:

STATE FISH CO., INC.;

Debtor.

Case No.: 2:15-bk-11084 SK

(Chapter 11)

**OBJECTION BY JOHN DELUCA TO DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO PAY EMPLOYEES' PREPETITION PRIORITY CLAIMS FOR WAGES, SALARIES, REIMBURSABLE EXPENSES, AND EMPLOYEE BENEFITS [DKT. NO. 12]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: January 30, 2015
Time: 9:00 a.m.
Courtroom: 1575

[Omnibus Request for Judicial Notice in Support of Objections of John DeLuca to Debtor's First Day Motions, Etc.; Evidentiary Objections to Declaration of Vanessa DeLuca in Support of First Day Pleadings; and Omnibus Supplemental Points and Authorities In Support of Objections of John DeLuca to First Day Motions by Debtors State Fish Company, Inc. and Calpack Foods, LLC and Declaration of John A. Schlaff in support thereof, filed concurrently herewith]

-1-

**TO THE HONORABLE COURT, THE DEBTOR AND ITS COUNSEL OF RECORD, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that creditor and equity interest holder, John DeLuca ("John DeLuca"), hereby objects to the Debtor's Emergency Motion For Interim and Final Orders Authorizing Debtor to Pay Employees' Prepetition Priority Claims for Wages, Salaries, Reimbursable Expenses, and Employee Benefits.

John DeLuca's Objection is based on this Notice; the accompanying Memorandum of Points and Authorities; the Omnibus Request for Judicial Notice in Support of Objections of John DeLuca to Debtor's First Day Motions, Etc.; the Evidentiary Objections to Declaration of Vanessa DeLuca in Support of First Day Pleadings; the Omnibus Supplemental Points and Authorities In Support of Objections of John DeLuca to First Day Motions by Debtors State Fish Company, Inc. and Calpack Foods, LLC and Declaration of John A. Schlaff in support thereof; and the complete records and files in this case; and upon such other and further evidence and arguments as may be presented at the hearing on this matter.

WHEREFORE, John DeLuca prays as follows: that the Court deny Debtor's Motion in its entirety with prejudice; that, in the alternative, to the extent that the Court does grant the Motion, it only be granted on an interim basis, with a final hearing to be set at least sixty (60) days out; that, in any event, the Court deem this matter as a "contested matter" pursuant to Local Bankruptcy Rule ("LBR") 9014 and the Federal Rules of Bankruptcy Procedure ("FRBP"), whereby John DeLuca will be allowed to, among other things, conduct discovery pursuant to FRBP Rules 7028-7037; and that John DeLuca have and recover such other and further relief as is just and proper.

DATED: January 28, 2015  **COSTELL & CORNELIUS Law Corporation**

By: /s/*Alexandre Ian Cornelius*
**Alexandre Ian Cornelius**
Attorneys for Creditor and Equity Interest Holder
John DeLuca

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 400
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Motion seeks to, among other things, allow for the payment of wages, salaries and reimbursement of expenses to unidentified employees, officers and/or directors without so much as identifying who those persons are, how much they are to be paid, and the basis for the payment. Apparently included in the class of persons to be paid are the former and/or current insiders of Debtor, namely, Vanessa DeLuca, Roseann DeLuca, Janet Esposito and Susan Ricci (the "Insiders"). The Motion is vague, ambiguous and unclear as to exactly who Debtor is proposing be paid, how much they are to be paid and on what basis are they to be paid. This confusion is created by the fact that Debtor has failed to provide any type of schedule setting forth the information necessary for John DeLuca, and this Court, to be able to evaluate and analyze the relief sought by the Motion. For example, the proposed order at paragraph 3 states that Debtor is authorized to pay "advances" to independent contractors. It is entirely unclear what this means and John DeLuca cannot determine if Debtor is proposing that it be permitted to pay independent contractors post-petition advances or whether there are unpaid pre-petition advances that Debtor is seeking to pay. John DeLuca objects to any monies being paid to any of the former or current insiders including, specifically, the Insiders. If there is any compensation to be paid to Insiders, regardless of whether they are to be re-characterized as independent contractors, the guidelines and procedures for principal compensation of the Office of the United States Trustee should be followed. Approval of compensation to principals and insiders should not be sought under the guise of the subject Motion.

In addition to the confusion created by the lack of schedules, the Motion is not supported by any admissible evidence and should be denied on this basis alone. As set forth in the Evidentiary Objections to the Declaration of Vanessa DeLuca, the declaration is inadmissible in its entirety and, thus, there is no evidentiary support for the Motion.

Finally, there is no basis for hearing the Motion on shortened notice. There is no admissible evidence in the Motion or in the supporting Declaration of Vanessa DeLuca (the "Vanessa DeLuca Dec.") that supports having the Motion heard on an emergency basis or on shortened time. (LBR 9075-1(b)).

-3-

1  Accordingly, the Court should deny the Motion and schedule it to be heard on regular notice.

## II.
## ADDITIONAL FACTUAL BACKGROUND

For the factual background relating to this Objection, in addition to what is presented herein, reference is hereby made to the Omnibus Supplemental Points and Authorities in Support of Objection by John DeLuca to First Day Motions of Debtors State Fish Co., Inc. and Calpack Foods, LLC, which is hereby incorporated herein by this reference as though fully set forth at length herein.

## III.
## ARGUMENT

### A. THE MOTION IS DEVOID OF ANY EVIDENTIARY SUPPORT

The entirety of the Vanessa DeLuca Dec. is inadmissible for several reasons. See Evidentiary Objections filed concurrently herewith. At the time she executed the declaration, Vanessa DeLuca was no longer an officer, director, manager or employee of Debtor thereby making her incompetent to submit a declaration or to testify on Debtor's behalf regarding any of the alleged facts or documents set forth and/or referenced therein. (See, Unanimous Written Consent to Action of the Board of Directors In Lieu of a Meeting dated 1/24/15 attached to the Bankruptcy Petition and Vanessa DeLuca Dec., ¶2). Additionally, there is an insufficient custodian of records statement in the declaration and, in fact, there is no language in the declaration that establishes that the declarant is or was the custodian of records of Debtor or how she allegedly came into possession of the alleged facts she discusses therein. As such, the entirety of the declaration is based on a lack of foundation (FRE 602) and is inadmissible. Further, what is glaringly absent from all of the motions filed by Debtors which are scheduled to be heard on Friday, January 30, 2015, are declarations from the two allegedly "Independent Directors" (Mark Stolper and Kirk Waldron). Instead, the declarant purports to improperly state the opinions, thoughts and conclusions of these two individuals despite the fact that it is clearly impermissible hearsay (FRE 802).

Moreover, the Motion and the Vanessa DeLuca Dec. are devoid of any specifics or details regarding who is to be paid and how much each person is to be paid. Surely Debtor could have and should have prepared a schedule showing the identity of each employee, the wages and/or salary of that employee, any outstanding reimbursable expenses claimed to be owed by that employee and any other employee

-4-

F:\wpdocs\DeLuca, John\State Fish BK\Pleadings\Objection to Motion to Pay Employees\Objection to Ex Parte to Pay Employees - SFC.wpd

**OBJECTION BY JOHN DELUCA TO EMERGENCY MOTION FOR INTERIM & FINAL ORDERS AUTHORIZING DEBTOR TO PAY EMPLOYEES' PREPETITION PRIORITY CLAIMS FOR WAGES, SALARIES, REIMBURSABLE EXPENSES & EMPLOYEE BENEFITS**

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 400
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

benefits to which that employee is entitled to receive. Instead, Debtor simply claims that it has an unverified number of employees (132 for State Fish and 30 for Calpak) some of which are full time, some of which are part time, some of which are paid hourly and some of which are paid a salary as well as some independent contractors that are used (Motion, 2:9-14) and these employees are collectively owed $289,461.87 each pay period. (Motion, 4:5-6). There is no further explanation or breakdown as to what comprises this monthly payroll total and, thus, no way for John DeLuca to analyze or determine if it is proper for these sums to be paid. The details regarding the employee makeup and the amounts allegedly due and owing are not set forth anywhere in the Motion or the Vanessa DeLuca Dec. and, thus, John DeLuca is left to just take the Debtor's word for it and, in particular, to take Vanessa DeLuca's word for it. While that may be sufficient in certain cases, this is certainly not one of the cases.

The Court should be wary of any testimony proffered by Vanessa DeLuca or any of the other former officers and directors (i.e., Roseann DeLuca, Janet Esposito and Susan Ricci). In the Tentative Ruling in the Derivative Case (*John Michael DeLuca v. State Fish Company, Inc., et al.*, Superior Court of California, County of Los Angeles, Case No. BC358395) issued on April 4, 2014, Judge Ernest Hiroshige stated, in pertinent part, that:

> "The evidence at trial established that Plaintiffs own more than 10 percent of SFC's shares. As discussed above, there is evidence that Defendants [Vanessa DeLuca, Roseann DeLuca, Janet Esposito and Susan Ricci] paid themselves 'disguised dividends' and used of SFC as a personal piggybank by causing SFC to pay millions of dollars in personal legal expenses of Defendants. There is also evidence that Defendants purposely excluded John DeLuca from participation in SFC's corporate governance by refusing to hold shareholder meetings; improperly removed a director legally nominated by John; and prevented John from accessing SFC's corporate records. There is also evidence that Defendants failed to investigate criminal behavior at SFC and failed to register Lenore's stock. **This conduct, especially when considered collectively, shows that Defendants have engaged in 'dishonest acts or gross abuse of authority or discretion with reference to the corporation.'**"

F:\wpdocs\DeLuca, John\State Fish BK\Pleadings\Objection to Motion to Pay Employees\Objection to Ex Parte to Pay Employees - SFC.wpd
**OBJECTION BY JOHN DELUCA TO EMERGENCY MOTION FOR INTERIM & FINAL ORDERS AUTHORIZING DEBTOR TO PAY EMPLOYEES' PREPETITION PRIORITY CLAIMS FOR WAGES, SALARIES, REIMBURSABLE EXPENSES & EMPLOYEE BENEFITS**

B. **THE FORMER OFFICERS AND DIRECTORS, VANESSA DELUCA, JANET ESPOSITO AND ROSEANN DELUCA ARE "INSIDERS"**

As demonstrated by Section III. A. in the Objection by John DeLuca to Emergency Motion by Debtor State Fish Co., Inc. for Interim and Final Orders Approving Stipulation for the Use of Cash Collateral [Dkt. No. 16]; Memorandum of Points and Authorities in Support Thereof which is filed concurrently herewith, the DeLuca Sisters are clearly insiders of the Debtor.

C. **THE FORMER OFFICERS AND DIRECTORS, THE DELUCA SISTERS, AND SUSAN RICCI SHOULD NOT BE RETAINED BY STATE FISH AS "CONSULTANTS" OR "INDEPENDENT CONTRACTORS" OR RECEIVE ANY MONEY OR PAYMENTS FROM STATE FISH**

At a minimum, the Court should order than no monies can be paid to any insiders or former insiders including any current or prior officers, directors, employees or independent contractors including, but not limited to, Vanessa DeLuca, Roseann DeLuca, Janet Esposito, and Susan Ricci or any of their relatives, spouses or children. See 11 USC 101(31)(B)(iii). The limitation on who can be paid should also extend to consultants. It is apparent from paragraphs 29, 30 and 31 of the Vanessa DeLuca Dec. that Vanessa DeLuca, Roseann DeLuca and Susan Ricci each plan on providing consulting services to Debtor. Presumably, those consulting services will be made pursuant a written independent contractor agreement thereby allowing for a claim that the "consultants" are actually independent contractors. The Motion seeks an order that provides that monies can be paid to independent contractors. (Motion, 9:26-10:1). John DeLuca objects to the former insiders (offices, directors and employees--Vanessa DeLuca, Roseann DeLuca and Susan Ricci) seeking to be paid monies as "independent contractors." The Court should not permit the DeLuca Sisters and Susan Ricci to sidestep their "insider" status by claiming to be independent contractors and/or consultants in order to be paid by the Debtor.

In the alternative, in the event that Court allows the DeLuca Sisters or Susan Ricci to act as consultants or independent contractors for the Debtor, the Court should order that they must comply with the rules and procedures governing principal and insider compensation, including Local Rule 2014-1(a) and file US Trustee Form USTLA-12 before any compensation, consulting fees or funds are paid to them for any purpose. It is clear that the DeLuca Sisters are "insiders" and must comply with those

-6-

requirements. As to Susan Ricci, due to her close collaboration with the DeLuca Sisters, her role as a former officer and director of the Debtor and her designation by the State Court as one of the Individual Defendants that owed fiduciary duties to the Debtor and engaged in "dishonest acts or gross abuse of the authority or discretion with reference to the corporation," should also be required to comply with Local Rule 2014-1(a) and file US Trustee Form USTLA-12 before any compensation, consulting fees or funds are paid to her for any purpose.

## IV.

## CONCLUSION

Based upon the foregoing, John DeLuca respectfully requests that the Court deny the Motion and schedule it to be heard on regular notice. To the extent that the Court grants the Motion, John DeLuca requests that the Court order that no payments of any monies shall be made to any current or former insiders including any current or former officers, directors, employees and/or independent contractors including, but not limited to, the Insiders. Additionally, if the Court grants the Motion, John DeLuca requests that the Court grant it on an interim basis with the same limitation regarding the prohibition of payments to insiders and schedule the hearing out for no less than 60 days. Additionally, the Court should deem the matter a contested matter under FRBP Rule 9014 and allow for, among other things, discovery pursuant to FRBP Rules 7028-7037.

DATED: January 28, 2015                **COSTELL & CORNELIUS Law Corporation**


By: /s/*Alexandre Ian Cornelius*
**Alexandre Ian Cornelius**
Attorneys for Creditor and Equity Interest Holder
John DeLuca

F:\wpdocs\DeLuca, John\State Fish BK\Pleadings\Objection to Motion to Pay Employees\Objection to Ex Parte to Pay Employees - SFC.wpd
**OBJECTION BY JOHN DELUCA TO EMERGENCY MOTION FOR INTERIM & FINAL ORDERS AUTHORIZING DEBTOR TO PAY EMPLOYEES' PREPETITION PRIORITY CLAIMS FOR WAGES, SALARIES, REIMBURSABLE EXPENSES & EMPLOYEE BENEFITS**