JEFFREY LEE COSTELL (STATE BAR #93688)
ALEXANDRE IAN CORNELIUS (STATE BAR #180652)
LEWIS B. ADELSON (STATE BAR #185075)
CHRIS S. EVANS (STATE BAR # 293785)
**COSTELL & CORNELIUS Law Corporation**
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959
Email: acornelius@costell-law.com

Attorneys for Creditor and Equity Interest
Holder John DeLuca

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

In re:

STATE FISH CO., INC.;

　　　　Debtor.

Case No.: 2:15-bk-11084 SK

(Chapter 11)

**OBJECTION BY JOHN DELUCA TO EMERGENCY MOTION BY DEBTOR STATE FISH CO. FOR INTERIM AND FINAL ORDERS ASSUMING THE DEBTORS' AGREEMENT WITH AVANT ADVISORY GROUP AND APPROVING MR. BLANCO'S APPOINTMENT AS CHIEF RESTRUCTURING OFFICER PURSUANT TO SECTIONS 105, 327, 330, 331 AND 363 OF THE BANKRUPTCY CODE, FED. R. BANKR. P. 2014 AND 6003, AND LOCAL RULE 2014-1 [DKT. NO. 19]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing Date: January 30, 2015
Time:　　　　9:00 a.m.
Courtroom:　　1575

[Omnibus Request for Judicial Notice In Support of Objections of John DeLuca To Debtor's First Day Motions, Etc.; Evidentiary Objections to Declaration of Vanessa DeLuca In Support of First Day Pleadings; and Omnibus Supplemental Points and Authorities In Support of Objections of John DeLuca to First Day Motions by Debtors State Fish Company, Inc. and Calpack Foods, LLC and Declaration of John A. Schlaff In Support Thereof filed concurrently herewith]

-1-

**TO THE HONORABLE COURT, THE DEBTOR AND ITS COUNSEL OF RECORD, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that creditor and equity interest holder, John DeLuca ("John DeLuca"), hereby objects to the Emergency Motion By Debtor State Fish Co. For Interim and Final Orders Assuming the Debtors' Agreement with Avant Advisory Group and Approving Mr. Blanco's Appointment as Chief Restructuring Officer Pursuant to Sections 105, 327, 330, 331 and 363 of the Bankruptcy Code, Fed. R. Bank. P. 2014 and 6003, and Local Rule 2014-1 [Docket No. 19].

John DeLuca's Objection is based on this Notice; the accompanying Memorandum of Points and Authorities; the Omnibus Request for Judicial Notice In Support of Objections of John DeLuca To Debtor's First Day Motions, Etc.; the Evidentiary Objections to Declaration of Vanessa DeLuca In Support of First Day Pleadings; the Omnibus Supplemental Points and Authorities In Support of Objections of John DeLuca to First Day Motions by Debtors State Fish Company, Inc. and Calpack Foods, LLC and Declaration of John A. Schlaff In Support Thereof filed concurrently herewith; and the complete records and files in this case; and upon such other and further evidence and arguments as may be presented at the hearing on this matter.

WHEREFORE, John DeLuca prays as follows: that the Court deny Debtor's Motion in its entirety with prejudice; that, in the alternative, to the extent that the Court does grant the Motion, it only be granted on an interim basis, with a final hearing to be set at least sixty (60) days out; that, in any event, the Court deem this matter as a "contested matter" pursuant to Local Bankruptcy Rule ("LBR") 9014 and the Federal Rules of Bankruptcy Procedure ("FRBP"), whereby John DeLuca will be allowed to, among other things, conduct discovery pursuant to FRBP Rules 7028-7037; and that John DeLuca have and recover such other and further relief as is just and proper.

DATED: January 28, 2015                    **COSTELL & CORNELIUS LAW CORPORATION**

By: /s/*Alexandre Ian Cornelius*
**Alexandre Ian Cornelius**
Attorneys for Creditor and Equity Interest Holder John Michael DeLuca

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Creditor and equity interest holder John Michael DeLuca ("John DeLuca") hereby submits his Objection To Debtor State Fish Co., Inc.'s ("Debtor") Emergency Application For Interim And Final Orders Assuming The Debtor's Agreement With Avant Advisory Group ("Avant") And Approving Mr. Blanco's Appointment As Chief Restructuring Officer [Docket No. 19] (the "Emergency Motion") and the concurrently submitted Application For Order Setting Hearing On Shortened Notice [Docket No. 20] (collectively, the "Motion"). The Court should deny the Motion on the grounds that exigent circumstances do not exist that would warrant hearing the Motion on an emergency basis or on shortened notice. *See* Local Bankruptcy Rules, Rules 2081-1(a)(12) & 9075-1. The Debtor has not filed any documents explaining the need for the hearing on an emergency basis and, instead, merely asserts the possibility of "irreparable harm" that would be created if there was a delay in obtaining the relief sought in the Motion. (Emergency Motion,1:15-16). However, Debtor makes no showing as to how it will actually be irreparably harmed. More significantly, the declarations submitted in support of the Motion are silent on issue of irreparable harm and on the entire issue of whether an emergency exists that would warrant hearing the Motion on an emergency basis. As such, the current hearing date of the Motion of January 30, 2015 at 9:00 a.m. should be vacated and the Motion should be heard on regular notice.

To allow this Motion to be heard on an emergency basis would substantially impair and prejudice John DeLuca, as well as the estate, because there has not been sufficient time afforded to investigate whether it is in the best interests of the estate to approve the agreement entered into between Avant and Debtor (Emergency Motion, Ex. A) and/or to appoint Mr. Blanco as Chief Restructuring Officer of Debtor. Moreover, because of Vanessa DeLuca's prior dishonest acts and gross abuse of authority, as described below, the transactions she helped orchestrate or bring about, such as the hiring of Avant, should be sufficiently investigated in order to determine whether Avant and Mr. Blanco are in fact "disinterested" parties as is required by the Bankruptcy Code. *See* 11 U.S.C. §§ 101(14), 327(a) and 328(c). Finally, regardless of whether the Motion is heard on an emergency basis or as a regular noticed motion, the Motion should be denied in its entirety because granting of the Motion would validate the

1  continuing efforts of the DeLuca Sisters to maintain control over the Debtor, while attempting to avoid
2  being deemed to be an "insider" under the Bankruptcy Code. In addition, as described in the other
3  Objections and documents filed concurrently herewith, the Court should not approve the employment of
4  a CRO at this time that has been hand-selected by so-called "independent" directors of the Debtor who
5  are anything but "independent" and who serve at the pleasure of the DeLuca Sisters. To the extent that
6  the Court does grant the Motion, it should be granted on an interim basis and final hearings should be set
7  sixty (60) days out and the Court should deem this matter a "contested matter" under Rule 9014 of the
8  Federal Rules of Bankruptcy Procedure (FRBP), whereby John DeLuca will be allowed to, among other
9  things, conduct discovery pursuant to FRBP, Rules 7028-7037.

## II.
## ADDITIONAL FACTUAL BACKGROUND

For the factual background relating to this Objection, in addition to what is presented herein, reference is hereby made to the Omnibus Supplemental Points and Authorities in Support of Objection by John DeLuca to First Day Motions of Debtors State Fish Co., Inc. and Calpack Foods, LLC., which is hereby incorporated herein by this reference as though fully set forth at length herein.

## III.
## ARGUMENT

### A. THE FACTS AND LAW DO NOT SUPPORT THE NEED FOR A HEARING ON AN EMERGENCY BASIS

The Court should deny the Motion on the grounds that neither an emergency nor exigent circumstances exist that would warrant hearing the Motion on an emergency basis or on shortened notice. *See* Local Bankruptcy Rules, Rules 2081-1(a)(12) & 9075-1. Additionally, the Debtor has not filed any documents explaining the need for the hearing on an emergency basis and, instead, merely asserts the possibility of "irreparable harm" that would be created if there was a delay in obtaining the relief sought in the Motion. (Emergency Motion, 1:15-16). However, Debtor makes no showing as to how it will actually be irreparably harmed and the Motion simply makes a single, bald allegation of possible irreparable harm. Moreover, the only mention or possible explanation as to why the Motion must be heard on an emergency basis is found in a single paragraph, barely seven lines in length, and not mentioned

again. (Emergency Motion, 1:10-16).

The declarations submitted in support of the Motion similarly fail to address the existence of exigent circumstances that would warrant hearing the Motion on an emergency basis. The Motion has been submitted based, in part, on the Declaration of George Blanco (the "Blanco Decl.") and the Declaration of Vanessa DeLuca [Docket No. 15] (the "Vanessa DeLuca Decl."). However, neither the Blanco Decl. nor the Vanessa DeLuca Decl. provide any explanation as to why the Motion must be heard on an expedited and emergency basis, and do not even address the purported irreparable harm that is alleged in the Motion. Pursuant to Local Bankruptcy Rules, Rule 2081-1(a)(12), in order for the Motion to be heard on an emergency basis, it "must be supported by evidence that exigent circumstances exist justifying an expedited hearing." Debtor has neither provided nor explained, in any sufficient detail, if at all, the facts that demonstrate the existence of exigent circumstances that have cause the alleged "emergency." Rather, the Motion merely states that Avant and Mr. Blanco are "critical" to this case and, therefore, any delay would cause "irreparable harm." (Emergency Motion, 1:13-16). Certainly, a more detailed explanation is necessary to support hearing the Motion on an emergency basis, especially where, as here, the Motion does not even address the possibility of exigent circumstances. *See* Local Bankruptcy Rules, Rules 2081-1(a)(12) & 9075-1.

By only submitting the Blanco Decl. and Vanessa DeLuca Decl. in support of the Motion, Debtor also fails to comply with this Court's Local Rules regarding Emergency Motions that are found in Rule 9075-1. Local Bankruptcy Rule 9075-1(a)(4)(C) provides, in pertinent part, that the contents of the motion must state the relief requested and be accompanied by the declaration of one or more competent witnesses under penalty of perjury that (i) justifies the setting of a hearing on less than 48 hours notice and (ii) supports the granting of the motion itself on the merits. Here, Debtor has done neither of the foregoing. Both the Blanco Decl. and Vanessa DeLuca Decl., as described above, do not provide sufficient and/or admissible evidence to warrant the emergency hearing and the granting of the Motion itself. For these reasons alone, the Court should rule that this Motion should be heard on regular notice. Accordingly, the current hearing date of the Motion of January 30, 2015 at 9:00 a.m. should be vacated and the Motion should be heard on regular notice.

-3-

### B. JOHN DELUCA WILL BE SUBSTANTIALLY PREJUDICED IF THE MOTION IS HEARD ON AN EMERGENCY BASIS BECAUSE JOHN DELUCA WILL NOT HAVE SUFFICIENT TIME TO INVESTIGATE THE CIRCUMSTANCES AND PROPRIETY OF THE HIRING OF AVANT AND MR. BLANCO

To allow this Motion to be heard on an emergency basis would substantially impair and prejudice John DeLuca, as well as the estate, as no individual or entity would have sufficient time to investigate whether it is in the best interests of the estate to approve the agreement entered into between Avant and Debtor (Emergency Motion, Ex. A) and/or to appoint Mr. Blanco as Chief Restructuring Officer of Debtor. In addition, the statements regarding the alleged disinterestedness of Avant and Mr. Blanco in the Declaration of Vanessa DeLuca are not even within Vanessa Deluca's personal knowledge and, therefore, are entirely inadmissible. Vanessa DeLuca only has information regarding the alleged disinterestedness of Avant and Mr. Blanco because Debtor's "independent directors" have indicated the same to her. (Vanessa DeLuca Decl., ¶ 79). Not only does such second-hand knowledge fail to provide support of the disinterestedness of Avant and Mr. Blanco, thereby justifying the denial of the Motion in its entirety, but the Debtor has not provided, and the Motion does not even rely on, declarations of any such "independent directors" to substantiate the representations made by Vanessa DeLuca or provide further evidence in support of the alleged disinterestedness of Avant and Mr. Blanco. Additionally, the entire Vanesssa DeLuca Decl. is hearsay as Vanessa DeLuca is no longer an officer or director of Debtor and, as such, cannot speak on behalf of Debtor. Pursuant to the Vanessa DeLuca Decl., Vanessa DeLuca resigned as a board member, officer, and employee of State Fish Co., Inc., and manager of Calpack Foods, LLC, on January 23, 2015. (Vanessa DeLuca Decl., ¶ 28). Despite Vanessa DeLuca's resignation, she executed the DeLuca Decl. three days after her resignation on January 26, 2015. (Vanessa DeLuca Decl., p. 24). Because the content of the Vanessa DeLuca Decl. is not from a current officer, director or manager of Debtor, its contents should be deemed inadmissible. As such, because the evidence in the Vanessa DeLuca Decl. is inadmissible, there is even less evidence in support of the alleged disinterestedness of Avant and Mr. Blanco and more reason exists to allow John DeLuca, and the estate, time to investigate the circumstances and propriety of the hiring of Avant and Mr. Blanco.

Of arguably even greater significance is the absence of credibility that could be associated with

-4-

Case 2:15-bk-11084-SK    Doc 47    Filed 01/28/15    Entered 01/28/15 18:02:58    Desc
                         Main Document    Page 7 of 10

the Declaration of Vanessa DeLuca. The credibility and motives of Vanessa DeLuca, and the Debtor itself, are substantially called into doubt based upon the findings of the State Court in the underlying derivative action currently pending between John DeLuca and Debtor. *See John Michael DeLuca v. State Fish Company, Superior Court of California, County of Los Angeles, Case No. BC358395* (the "Derivative Action") (RJN, Ex. 7, Tentative Decision dated April 4, 2014 (the "Tentative Order")). The Tentative Order stated, in pertinent part, the following:

> "As discussed above, there is evidence that Defendants [Vanessa DeLuca, Roseann DeLuca, Janet Esposito and Susan Ricci] paid themselves 'disguised dividends' and used of SFC as a personal piggybank by causing SFC to pay millions of dollars in personal legal expenses of Defendants. There is also evidence that Defendants purposely excluded John DeLuca from participation in SFC's corporate governance by refusing to hold shareholder meetings; improperly removed a director legally nominated by John; and prevented John from accessing SFC's corporate records. There is also evidence that Defendants failed to investigate criminal behavior at SFC and failed to register Lenore's stock. **This conduct, especially when considered collectively, shows that Defendants have engaged in 'dishonest acts or gross abuse of authority or discretion with reference to the corporation.'"** (Emphasis added).

Based upon the prior conduct of Vanessa DeLuca, any representations made by Vanessa DeLuca, especially those concerning the alleged disinterestedness between Avant, Mr. Blanco and Debtor (Vanessa DeLuca Decl., ¶ 79), must be looked at with a high degree of skepticism. Without further investigating the circumstances of the appointment of the so-called "independent" directors and the hiring of Avant, the ability of Avant and Mr. Blanco to manage the Debtor without being unduly influenced by the DeLuca Sisters is highly doubtful. Notably, Avant was engaged by Debtor prior to the resignation of Vanessa DeLuca. (Emergency Motion, Ex. A). Because of Vanessa DeLuca's prior "dishonest acts and gross abuse of authority," the transactions she helped orchestrate or bring about, such as the hiring of Avant and Mr. Blanco, should be sufficiently investigated in order to determine whether it would be in the best interests of the Debtor, its creditors and its estate to hire them.

F:\wpdocs\DeLuca, John\State Fish BK\Pleadings\Objection to Blanco Motion\Objection to Blanco Motion_StateFish-03.wpd

## C. THE AGREEMENT BETWEEN AVANT AND DEBTOR AND THE APPOINTMENT OF MR. BLANCO SHOULD NOT BE APPROVED BY THIS COURT BECAUSE SUCH ACTIONS ARE IN DIRECT VIOLATION OF TWO STATE COURT ORDERS

Regardless of whether the Motion is heard on an emergency basis or as a regular noticed motion, both the agreement entered into between Avant and Debtor (Emergency Motion, Ex. A) and the appointment of Mr. Blanco as Chief Restructuring Officer of Debtor should be rejected by this Court because it would validate Debtor's violations of two court orders that prohibit Debtor from selling its business or assets. As made clear in the agreement entered into between Avant and Debtor (Emergency Motion, Ex. A), one of the primary services Avant and, in turn, Mr. Blanco, will provide to Debtor is assistance in selling the Debtor's assets and business, including, but not limited to, preparation of a liquidation analysis and/or tasks appropriate for a wind-down. (Emergency Motion, Ex. A, pp. 2-3). This intention of selling the Debtor's business is further substantiated in the Motion, the Blanco Decl. and the Vanessa DeLuca Decl. (Emergency Motion, 3:17-21; 4:23-25; 5:13-16; Blanco Decl., ¶¶ 3(b)(ii), 3(c)(vi), 3(c)(xiii); Vanessa DeLuca Decl., ¶¶ 26 and 47). However, the hiring of Avant and, as a result, Debtor's steps taken to sell Debtor's business, is in direct violation of not one, but two, court orders issued in the underlying derivative action that explicitly prohibit Debtor from taking steps to liquidate Debtor's business or any of its assets. *See John Michael DeLuca v. State Fish Company, Superior Court of California, County of Los Angeles, Case No. BC358395* (RJN, Exs. 9 and 11, Minute Order dated October 20, 2014 (the "Stay Order") and Minute Order dated December 22, 2014 (the "Extension of Stay Order"). Vanessa DeLuca even acknowledges both the Stay Order and Extension of Stay Order in her declaration in which she states the following:

> "On October 20, 2014, the Superior Court entered a Minute Order which implemented a temporary stay precluding State Fish from entering into any agreements to sell State Fish assets **or take any other steps** to liquidate State Fish or any of its assets. On December 22, 2014, the Superior Court entered a second Minute Order continuing the temporary stay until a hearing scheduled for January 30, 2015." (Emphasis added).

(Vanessa DeLuca, Decl., ¶ 22).

Despite the Stay Order and Extension of Stay Order, on January 21, 2015, Debtor entered into its agreement with Avant and thereby clearly took "steps to liquidate the State Fish Co. [and] any of its assets." These steps were taken prior to Debtor's bankruptcy filing on January 26, 2015, during a time where the Stay Order and Extension of Stay Order were clearly in full force and effect. For Debtor to now request that this Court approve these "steps to liquidate" is entirely improper because it would validate the explicit violations of both the Stay Order and Extension of Stay Order. Such validation would promote a dangerous policy of flaunting court order and, then, quickly filing bankruptcy in an attempt to avoid the consequences. This certainly does not promote any interest of justice, but, instead, encourages deliberate wrongdoing. As such, the Court should deny the Motion in its entirety and reject the agreement entered into between Avant and Debtor (Emergency Motion, Ex. A) and the appointment of Mr. Blanco as Chief Restructuring Officer of Debtor.

## IV.

## CONCLUSION

Because Debtor has failed to allege the existence of any exigent circumstances that would warrant hearing the Motion on an emergency basis, and because John DeLuca would be prejudiced if the Motion was heard on an emergency basis, the current hearing date of January 30, 2015 at 9:00 a.m. should be vacated and the Motion should be heard on regular notice. Moreover, regardless of whether the Motion is heard on an emergency basis or as a regular noticed motion, for the reasons stated herein, both the agreement entered into between Avant and Debtor (Emergency Motion, Ex. A) and the appointment of Mr. Blanco as Chief Restructuring Officer of Debtor should be rejected by this Court. To the extent that the Court does grant the Motion, it should be granted on an interim basis and final hearings should be set sixty (60) days out and the Court should deem this matter a "contested matter" under Rule 9014 of the Federal Rules of Bankruptcy Procedure (FRBP), whereby John DeLuca will be allowed to, among other things, conduct discovery pursuant to FRBP, Rules 7028-7037.

///

///

///

Main Document    Page 10 of 10

1  Finally, this document is a Preliminary Objection to the Motion and John DeLuca reserves the right to file

2  additional objections to the Motion should the Motion be set as a regular noticed hearing.

3

4  DATED: January 28, 2015                    **COSTELL & CORNELIUS LAW CORPORATION**

5

6                                              By: /s/*Alexandre Ian Cornelius*
                                                **Alexandre Ian Cornelius**
7                                              Attorneys for Creditor and Equity Interest Holder John DeLuca

F:\wpdocs\DeLuca, John\State Fish BK\Pleadings\Objection to Blanco Motion\Objection to Blanco Motion_StateFish-03.wpd