David M. Stern (State Bar No. 67697)
Michael L. Tuchin (State Bar No. 150375)
Jonathan M. Weiss (State Bar No. 281217)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone:    310-407-4000
Facsimile:    310-407-9090
Email:    dstern@ktbslaw.com
    mtuchin@ktbslaw.com
    jweiss@ktbslaw.com

*Attorneys for Michael M. Ozawa, SFC Liquidating Trustee*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>STATE FISH CO., INC. and<br>CALPACK FOODS, LLC,<br><br><br>Debtors.<br><br>―――――――――――――<br>THIS FILING APPLIES TO:<br><br>☒ ALL DEBTORS<br>☐ SPECIFIED DEBTOR<br>  ☐ STATE FISH CO., INC.<br>  ☐ CALPACK FOODS, LLC | Case Nos.    2:15-bk-11084-SK<br>    2:15-bk-11085-SK<br>    Jointly Administered<br><br>Chapter 11<br><br>**SFC LIQUIDATING TRUSTEE'S FOURTH POST-CONFIRMATION STATUS REPORT PURSUANT TO LOCAL BANKRUPTCY RULE 3020-1**<br><br>**Hearing:**<br><br>Date:    November 30, 2017<br>Time:    8:30 a.m.<br>Judge:    Hon. Sandra R. Klein<br>Place:    U.S. Bankruptcy Court<br>    255 E. Temple St., Ctrm. 1575<br>    Los Angeles, CA 90012 |

167739.1

Michael M. Ozawa, in his capacity as trustee of the SFC Liquidating Trust (the "Liquidating Trustee"), hereby submits this fourth post-confirmation status report for State Fish Co., Inc. ("State Fish") and Calpack Foods, LLC ("Calpack" and together, the "Debtors") pursuant to Rule 3020-1(b) of the Local Rules for the United States Bankruptcy Court for the Central District of California.

On March 23, 2016, R. Todd Neilson, the chapter 11 trustee (the "Chapter 11 Trustee") for the Debtors, filed the *Chapter 11 Trustee's Consolidated Disclosure Statement and Plan of Liquidation for State Fish Co., Inc. and Calpack Foods, LLC* (the "Disclosure Statement" and "Plan").[1] Docket No. 1018. The Plan provided for the liquidation of the Debtors and distribution of the Debtors' assets to holders of Claims and Interests. Allowed Administrative Claims, Allowed Priority Tax Claims and Allowed Claims in Class 1 through Class 4 have been paid in full under the Plan, with interest to the extent provided in the Plan. Holders of Allowed Class 5 Interests have been, and will continue to be, treated in accordance with their contractual rights as such holders have agreed under the Settlement Agreement.[2]

The Plan also proposed the creation of the SFC Liquidating Trust to pursue liquidation of the estates' unliquidated assets, including the accounts receivable and various claims and causes of action that are set forth on Exhibit 2 to the Plan, and to make any post-Effective Date distributions under the Plan. The SFC Liquidating Trust's net assets have been, and will continue to be, distributed to holders of Allowed Class 5 Interests in accordance with the Plan and the Settlement Agreement.

On April 28, 2016, the Court confirmed the Plan. The Plan became effective on May 13, 2016, and the Debtors' assets have been transferred to the SFC Liquidating Trust. As of October 31, 2017, the SFC Liquidating Trust had $174,414.93 in cash and is current on all routine operating expenses.

---

[1] Capitalized terms used in this section but not otherwise described herein shall have the meanings ascribed to such terms in the Plan.

[2] That certain global "Settlement Agreement," dated as of July 20, 2015, filed at Docket No. 464.

167739.1    1

**A.      Schedule of Debts/Claims**

    **1.      Administrative Claims**

On or about the Effective Date, the Liquidating Trustee paid (i) all accrued and owing U.S. Trustee Fees and (ii) all 503(b)(9) Claims and PACA Claims. The Trustee did not pay Professional Fee Claims at that time. The deadline to file requests for Professional Fee Claims expired on June 12, 2016. Professional Fee Claims were filed by: (i) Klee, Tuchin, Bogdanoff & Stern LLP, as counsel to the chapter 11 trustee; (ii) Berkeley Research Group LLC, as financial advisors and accountants to the chapter 11 trustee; (iii) Michael M. Ozawa and Robert E. Bates, By and Through Avant Advisory Partners, LLC, as consultants to the chapter 11 trustee; (iv) Michael M. Ozawa and Robert E. Bates, By and Through Enterprise Management Advisors, LLC, as consultants to the chapter 11 trustee; (v) R. Todd Neilson, the chapter 11 trustee; and (vi) Levene, Neale, Bender, Yoo & Brill L.L.P. ("Levene Neale"), counsel to the official committee of unsecured creditors. The Court approved all Professional Fee Claims, and such Claims were paid.[3]

The deadline for any person or entity to file an Administrative Claim expired on June 12, 2016 (the "Administrative Claims Bar Date"). No Administrative Claims were timely filed (other than Professional Fee Claims). Applied Underwriters ("Applied") has recently sent the Trustee an invoice for postpetition amounts allegedly due. This is discussed in detail in section D.3.

    **2.      Priority Tax Claims**

On or about the Effective Date, the Liquidating Trustee paid Priority Tax Claims, totaling $15,794.44, in full. The Liquidating Trustee is unaware of any unpaid Priority Tax Claims.

    **3.      Class 1: Customs Secured Claim**

Class 1 consists of a $30,973.64 claim held by the U.S. Customs and Border Protection in respect of refunds held in suspense for possible setoff. Pursuant to a settlement (the "Customs Settlement") between the Chapter 11 Trustee and U.S. Customs and Border Protection, which

---

[3] The application filed by Levene Neale was resolved via stipulation between that firm and the Sisters, pursuant to which Levene Neale reduced its fee request by $15,000. The Court approved that stipulation on June 17, 2016 (Docket No. 1126).

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

settlement was approved by the Court (*see* Docket No. 1089), U.S. Customs and Border Protection was authorized to effectuate a setoff in the amount of $30,973.64 in full satisfaction of its Class 1 claim. The Liquidating Trustee is unaware of any unpaid Class 1 Claims.

### 4. Class 2: Roseann DeLuca Revocable Trust Secured Claim

Class 2 consists of a $5,672,186.00 secured claim in favor of the Roseann DeLuca Revocable Trust Dated 10/6/11. No payment has been made on account of this claim. In full satisfaction of the Roseann DeLuca Revocable Trust Secured Claim, and in accordance with the treatment agreed to by the holder of the Roseann DeLuca Revocable Trust Secured Claim in the Settlement Agreement, the holder of the Roseann DeLuca Revocable Trust Secured Claim, as a Sister Class 5 Distributee, shall receive the treatment accorded to Class 5. As set forth below, the Roseann DeLuca Revocable Trust Secured Claim, as a Sister Class 5 Distributee, has received distributions from the SFC Liquidating Trust.

### 5. Class 3: Priority Non-Tax Claims

On or about the Effective Date, the Liquidating Trustee paid Priority Non-Tax Claims, totaling $12,560.66, in full. The Liquidating Trustee is unaware of any unpaid Class 3 Claims.

### 6. Class 4: General Unsecured Claims

On or about the Effective Date, the Liquidating Trustee paid $780,046.18 on account of Allowed Class 4 Claims (including via setoff), which resulted in a 100% recovery to holders of Allowed Class 4 Claims.

As of the Effective Date, there were two Disputed Class 4 Claims:

First, a general unsecured claim asserted by Cedar Cold Services, LLC, in the amount of $1,492,318.00 (the "Cedar Cold Claim"). On February 5, 2016, the Chapter 11 Trustee objected to Cedar Cold's proof of claim. *See* Docket No. 930. After extensive informal discussions and a full-day mediation session, the parties agreed to consensually resolve the Chapter 11 Trustee's objection. *See* Docket No. 1069. In that settlement, Cedar Cold Services, LLC agreed to accept on account of the Cedar Cold Claim a general unsecured claim in the amount of $750,000. On May 19, 2016, the Court approved the settlement with Cedar Cold. *See* Docket No. 1086. On or about June 6, 2016, the Liquidating Trustee paid the Cedar Cold Claim in the amount of $750,000.

Second, a general unsecured claim asserted by U.S. Customs and Border Protection, in the amount of $95,124.93 (the "Customs Unsecured Claim"). Pursuant to the Customs Settlement, the Chapter 11 Trustee agreed to pay this amount. On or about June 7, 2016, the Liquidating Trustee paid the Customs Unsecured Claim in the amount of $95,124.93.

Accordingly, the Liquidating Trustee believes that all Class 4 Claims have been paid in full, with interest to the extent provided under the Plan. The Liquidating Trustee is unaware of any unpaid Class 4 Claims.

### 7. Class 5: Interests

Pursuant to the Plan, holders of Class 5 Interests shall be treated in accordance with their contractual rights as such holders have agreed under the Settlement Agreement.

As of February 28, 2017, the Liquidating Trustee has made payments of Net Trust Assets to Class 5 totaling $12,400,000; of this total one half has been paid to the Sisters Class 5 Distributees, and one half has been paid to the John Class 5 Distributees. Pursuant to the Settlement Agreement, payment of $6,200,000 of Net Trust Assets to the John Class 5 Distributees constitutes payment in full to the John Class 5 Distributees of the Net Trust Assets; accordingly, any further payment of Net Trust Assets will be paid solely to the Sisters Class 5 Distributees. In addition, effective January 20, 2017, the Trustee transferred any rights of the SFC Liquidating Trust in the trademark "Atlantis Seafood" to J. DeLuca Fish Company, Inc., in accordance with the Settlement Agreement. J. DeLuca Fish Company, Inc. has informed the Trustee that it does not wish to accept assignment of the trademark "Seacatch Market Fresh Advantage."

**B.    Post-Confirmation Tax Liabilities**

There are no tax liabilities currently due under the Plan or that have arisen post-confirmation.

167739.1    4

**C.    The Liquidating Trustee's Projections and Continuing Ability to Comply With the Terms of the Plan**

The Liquidating Trustee has met all of the Effective Date obligations and has made all of the required Plan payments and transfers to date. The Liquidating Trustee expects that he will be able to comply with the remaining obligations under the Plan.

**D.    Other Pertinent Information**

1.    State Fish was the account party in respect of the following cash-collateralized letters of credit: (i) Irrevocable Letter of Credit No. 1970, in the amount of $1,000,000, dated May 16, 2014, issued by Farmers & Merchants Bank for the account of State Fish and for the benefit of Washington International Insurance Company; (ii) Irrevocable Letter of Credit No. 1971, in the amount of $600,000, dated May 16, 2014, issued by Farmers & Merchants Bank for the account of State Fish and for the benefit of Western Surety Company; and (iii) Irrevocable Letter of Credit No. 1985, in the amount of $50,000, dated May 15, 2015, issued by Farmers & Merchants Bank for the account of State Fish and for the benefit of Western Surety Company. In late 2016, the Liquidating Trustee successfully recovered all of the $1,000,000 collateral in respect of Letter of Credit No. 1970, and approximately $445,000 of collateral in respect of Letter of Credit No. 1971, and distributed those funds to the SFC Liquidating Trust beneficiaries in accordance with the distribution scheme in Section X.C.5 of the Plan. The Liquidating Trustee is attempting to recover the final $200,000 of collateral. Based on the Trustee's information and belief, it could be several years before the claims underlying that collateral are resolved, and there is risk that some or all of that amount is never recovered.

2.    In October 2017, the Trustee was notified by the Internal Revenue Service (the "IRS") of the IRS's determination to audit the Debtors tax returns in respect of the year ended May 31, 2016. The Trustee and his accountants are in communication with the IRS, and estimate that the audit process will be complete in approximately February 2018.

3.    In September 2017, the Trustee received an invoice from Applied in the amount of $865,464.56 in respect of purported "Early Cancellation Charges" under a workers' compensation insurance policy (the "Applied Invoice"). The Trustee believes any purported right to payment

167739.1                                                                       5

asserted by Applied is not valid. The Debtors' Plan had maintained a reserve (in excess of $1.7 million) in case Applied filed an Administrative Claim and such Administrative Claim was ultimately allowed by the Court. Despite receiving notice of the Administrative Claims Bar Date, Applied filed no claim. The Trustee subsequently (more than a month after the Administrative Claims Bar Date) filed a *Notice of Release and Distribution of Reserves* [Docket No 1144] (the "Release Notice"), which explained that the Plan had maintained a reserve for any potential allowed claim filed by Applied, but the Administrative Claims Bar Date had long since expired and Applied had filed no claim. As such, the Release Notice set forth that on or after September 1, 2016, the Trustee would "release the Applied Reserve and [] distribute the funds comprising the Applied Reserve in accordance with the SFC Liquidating Trust Agreement"—namely, to the Class 5 Distributees under the Plan. Release Notice, at 2:4-5. The Release Notice was served on, among others, Applied. Applied did not file any claim or response (or any other document) after the filing of the Release Notice. Accordingly, on or after September 1, 2016, the Trustee released the Applied Reserve. Since that time, the Trustee has continued to administer the Trust and has distributed most of the Trust's remaining assets to the Class 5 Distributees, in accordance with the Plan and the Release Notice. Accordingly, irrespective of the merits of whether a claim timely filed by Applied would have been valid (which the Trustee does not concede), the Trustee does not intend to pay any amounts to Applied. On October 10, 2017, the Trustee's counsel sent Applied's counsel a letter setting forth the foregoing; no response has been received. The Trustee will serve this status report, as well as any motion to close these cases, on Applied and its counsel.

**E.    Estimated Date for Plan Consummation and Application for Final Decree.**

The Plan became effective on May 13, 2016. As described above, substantially all required distributions have been made, and the Debtors' property has been transferred to the SFC Liquidating Trust. Thus, the Trustee believes that the Plan has been substantially consummated.

The Liquidating Trustee is aware of the following remaining tasks: (i) liquidation of the remaining bond collateral; (ii) pursuit of claims held by the SFC Liquidating Trust, including the Atlantis Note, Pledges and Guarantees (as defined in the Settlement Agreement); and (iii) resolving the IRS audit. The Trustee is of the view that the IRS audit must be resolved before

167739.1                                  6

1  these cases can be closed.  Once that occurs, however, the Trustee believes that he can distribute

2  all remaining assets (including the rights to claims and bond collateral) to the Sisters Class 5

3  Distributees and promptly move to close these cases.

5  DATED: November 15, 2017                         Respectfully submitted,

                                                   KLEE, TUCHIN, BOGDANOFF & STERN LLP

                                                   */s/ Jonathan M. Weiss*
                                                       Jonathan M. Weiss
                                                   Attorneys for SFC Liquidating Trustee

167739.1                                  7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **SFC LIQUIDATING TRUSTEE'S FOURTH POST-CONFIRMATION STATUS REPORT PURSUANT TO LOCAL BANKRUPTCY RULE 3020-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 15, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED SERVICE LIST

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On November 15, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**(state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, November 15, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY
Hon. Sandra R. Klein
US Bankruptcy Court
255 E. Temple St., Ctrm. 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 15, 2017 | Jonathan M. Weiss | */s/* Jonathan M. Weiss |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

167739.1    This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Allison R Axenrod**   allison@claimsrecoveryllc.com
- **Jason Balitzer**   jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- **Paul M Brent**   snb300@aol.com
- **Martin J Brill**   mjb@lnbrb.com
- **Alexandre I Cornelius**   aicornelius@costell-law.com, ssaad@costell-law.com;mharris@costell-law.com;jstambaugh@costell-law.com;ladelson@costell-law.com;jlcostell@costell-law.com
- **Caroline Djang**   cdjang@rutan.com
- **Amir Gamliel**   agamliel@perkinscoie.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Fredric Glass**   fglass@fairharborcapital.com
- **Matthew A Gold**   courts@argopartners.net
- **David M Goodrich**   dgoodrich@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dgoodrich@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- **Sasha M Gurvitz**   sgurvitz@ktbslaw.com
- **William Hoang**   whoang@cwlawyers.com, rwarren@cwlawyers.com;mmiglietta@cwlawyers.com;ecline@cwlawyers.com;dvillamar@cwlawyers.com;kprice@cwlawyers.com
- **Michael J Hooi**   mhooi.ecf@srbp.com, gnorthwood@srbp.com
- **Marsha A Houston**   mhouston@reedsmith.com
- **Eric P Israel**   eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Colleen M Keating**   ckeating@ktbslaw.com
- **David S Kupetz**   dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.inforuptcy.com;dkupetz@ecf.inforuptcy.com
- **Dare Law**   dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov
- **Elan S Levey**   elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- **R. Todd Neilson (TR)**   tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Amelia Puertas-Samara**   itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov
- **Daniel H Reiss**   dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- **Christopher O Rivas**   crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **Victor A Sahn**   vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com
- **Israel Saperstein**   is@sapersteinlawfirm.com, is@sapersteinlawfirm.com
- **Norman D Schoenfeld**   lsi@liquiditysolutions.com
- **Zev Shechtman**   zshechtman@dgdk.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Jonathan Shenson**   jshenson@shensonlawgroup.com
- **Evan D Smiley**   esmiley@swelawfirm.com, gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
- **Alan D Smith**   adsmith@perkinscoie.com, DocketLA@perkinscoie.com,ecf-3ac9070a3959@ecf.pacerpro.com,al-smith-9439@ecf.pacerpro.com
- **Richard A Solomon**   richard@sgswlaw.com
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- **David M Stern**   dstern@ktbslaw.com
- **Philip E Strok**   pstrok@swelawfirm.com, gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
- **John N Tedford**   jtedford@dgdk.com, DanningGill@gmail.com;jtedford@ecf.inforuptcy.com
- **Scott J Tepper**   scottjtepper@msn.com, scottjtepper@gmail.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Jonathan M Weiss**   jweiss@ktbslaw.com
- **Steven Werth**   swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com
- **Andrew F Whatnall**   awhatnall@daca4.com

167739.1    This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY U.S. MAIL:**

| | | |
|---|---|---|
| State Fish Co., Inc.<br>Calpack Foods, LLC<br>c/o R. Todd Neilson<br>Berkeley Research Group<br>2049 Century Park East # 2525,<br>Los Angeles, CA 90067 | The Donovan Offices<br>915 Wilshire Boulevard - #1610<br>Los Angeles, CA 90017 | Office of the United States Trustee<br>c/o Dare Law, Esq.<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017 |
| Queen City Seafood<br>Attn: Johnathan Ranard, President<br>10101 Chatham Woods Drive<br>Loveland, OH 45140 | Robert W. Bollar<br>Southern Counties Oil Co. dba SC Fuels<br>Attn: Legal Department<br>1800 W. Katella Avenue, Ste 400<br>P.O. Box 4159<br>Orange, CA 92863-4159 | Star Box, Inc.<br>Attn: Robert J Weiner, President<br>1770 E. Creston Street<br>Signal Hills, CA 90755 |
| Cedar Cold Services<br>Attn: Sherry Perry, CFO<br>146 S. Country Club Drive<br>Mesa, AZ 85210 | Dept of Water and Power City of LA<br>Attn Bankruptcy<br>PO Box 51111<br>Los Angeles CA 90051-5700 | Southern California<br>Edison Company<br>Attn: Credit and Payment Svcs<br>1551 W San Bernardino Rd<br>Covina CA 91722 |
| TM Sales Company<br>924 19th St.<br>Lynden, WA 98264 | Tai Foong USA Inc.<br>2450 Sixth Ave S, Ste 300<br>Seattle, WA 98134 | CIT Finance, LLC<br>c/o Weltman, Weinberg & Reis<br>3705 Marlane Drive<br>Grove City, OH 43123 |
| Claims Recovery Group LLC as Assignee of Prosperity Funding Inc.<br>92 Union Ave.<br>Cresskill, NJ 07626 | Casco Equipment Corporation<br>4141 Flat Rock Drive<br>Riverside CA 92505 | Choice Canning Co. Inc.<br>Coface North America Insurance Company<br>50 Millstone Rd., Bldg. 100, Ste. 360<br>East Windsor, NJ 08520 |
| Claims Recovery Group LLC as Assignee of Sunrise Packaging Films<br>92 Union Ave.<br>Cresskill, NJ 07626 | Zhangzidao Fishery Group America Corporation<br>Coface North America Insurance Company<br>50 Millstone Rd., Bldg. 100, Ste 360<br>East Windsor, NJ 08520 | Caito Fisheries, Inc.<br>PO Box 1370<br>Fort Bragg, CA 95437 |
| Dept of Commerce / NOAA<br>U.S. Department of Commerce<br>14th and Constitution Ave NW<br>Washington, DC 20230 | CMA/CGM (America) Inc<br>Attn Freight Cashier<br>5701 Lake Wright Drive<br>Norfolk, VA 23502-1868 | Argo Partners as Assignee of Hurricane Express Logistics, Inc.<br>12 West 37th Street, 9th Floor<br>New York, NY 10018 |
| Liquidity Solutions, Inc. as Assignee of Monarch Trading LLC<br>1 University Plaza, Suite 312<br>Hackensack, NJ 07601 | Seafax<br>PO Box 15340<br>Portland, ME 04112-5340 | Avure Technologies Inc.<br>1830 Airport Exchange Rd #160<br>Erlanger, KY 41018 |
| Bayside Seafood Inc.<br>1197 Randall Ave<br>Bronx, NY 10474 | T S Staffing CRS<br>University Mgmt Assoc<br>PO Box 913<br>Hackettstown NJ 07840 | Applied Underwriters<br>c/o Jeffrey A. Silver<br>10805 Old Mill Road<br>Omaha, Nebraska 68154 |

167739.1        This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                               **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| Applied Underwriters<br>Attn: Camille C. Hansberry<br>P.O. Box 3804<br>Omaha, NE 68103-0646 | Applied Underwriters<br>Attn: Camille C. Hansberry<br>P.O. Box 3646<br>Omaha, NE 68103-0646 | |

167739.1     This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                       **F 9013-3.1.PROOF.SERVICE**